# UNITED STATES DISTRICT COURT
for the
District of Maryland

FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 0 3 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE EMAIL ACCOUNT –<br>"THEBLONDEBUNNY2@YAHOO.COM" | )<br>)<br>)  Case No.  **13-2681TJS**<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

THE EMAIL ACCOUNT – "THEBLONDEBUNNY2@YAHOO.COM"
located in the  Northern  District of  California ~~Maryland~~ TJS , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A to the Affidavit of Special Agent Patrick Winn which is evidence of violations of 18 U.S.C. s 1951 (sex trafficking)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1951 | Sex Trafficking |

The application is based on these facts:
See Affidavit of Special Agent Patrick Winn, Federal Bureau of Investigation (FBI)

☐ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Patrick Winn, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 12, 2013

*Judge's signature*

City and state:  Baltimore, Maryland                     Magistrate Judge Timothy J. Sullivan
*Printed name and title*

## ATTACHMENT A

## ITEMS TO BE SEARCHED AND SEIZED

I.  **SEARCH PROCEDURE.**

The search warrant will be presented to personnel of the Yahoo!, Inc., the service providers for the Subject Email Account (the "Service Provider") who will be directed to isolate the account and files described in Section II below;

In order to minimize any disruption of computer service to innocent third parties, employees of the Service Provider and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer account and files described in Section II below, including an exact duplicate of all information stored in the computer account and files described therein;

Employees of the Service Provider will provide the exact duplicate in electronic form of the account and files described in Section II below and all information stored in the account and files to the agent who serves the search warrant.

II. **FILES AND ACCOUNT TO BE COPIED BY EMPLOYEES OF THE SERVICE PROVIDER.**

Such items to be seized should include, but not be limited to, the following:

a. Any and all information, to include all subscriber information, such as name and address, date of birth, gender, date account created, account status, e-mail addresses, alternate e-mail addresses, registration from IP, date ID registered, and log-in IP addresses associated with session times and dates, for the account listed below, and any other Yahoo! accounts found to be associated with the subscriber(s) of the following account:

theblondebunny2@yahoo.com

b. For the subscriber(s) identified in Section II(a), the contents of any and all e-mails stored in the subscriber's account **from April 22, 2013 to present**;

c. Any and all methods of payment provided by the subscriber(s) identified in Section II(a) for any premium services;

d. Log files of all activity for the account listed in Section II(a);

e. Chat and Messenger logs relating to the account listed in Section II(a);

f. Address books stored in connection with the account listed in Section II(a);

g. All records indicating the services available to subscribers of the electronic mail addresses and/or individual account described above in Section II(a); and

j. All attachments to email associated with the account listed in Section II(a) and in whatever form stored.

**The Service Provider shall not provide content of any communications except those associated with email address <u>theblondebunny2@yahoo.com</u>.**

### III. ITEMS TO BE SEIZED BY THE UNITED STATES.

#### A. <u>Search Procedure by the United States</u>

Once the United States obtains all of the electronic information pertaining to the account listed in Section II(a), the United States is authorized to search for the electronic information that constitutes evidence, fruits, and instrumentalities of violations of 18 U.S.C. §1951 (sex trafficking).

The search procedure of the electronic data contained in computer operating software or memory devices shall include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

c. "scanning" storage areas to discover and possibly recover recently deleted data;

d. scanning storage areas for deliberately hidden files; or

e. performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

#### B. <u>Information to be Seized.</u>

The United States is authorized to seize and search the items identified in Section II above and to perform the search processes described above to search for and seize the following electronic information identified with particularity below that (a) constitutes evidence relating to violations of 18 U.S.C. §1951 (sex trafficking):

      a. Account information for the account listed in Section II(a), which would aid in establishing who used the account;

      b. All electronic communications provided by the Service Provider pursuant to Section II of this Attachment A that refer or relate in any way to evidence of the aforementioned offenses;

      c. Subscriber information (including subscriber names, addresses, telephone numbers, screen names, account numbers, status of accounts, duration of accounts, method of payment, and bank or credit card numbers associated with the account);

      d. Account history (including Terms of Service and any complaints);

      e. Billing records (including date, time, duration, and screen names used each time a particular account was activated);

      f. A complete log file of all activity relating to the account (including dates, times, method of connection, port, dial-up, dedicated phone numbers, and/or locations);